IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 94-40039-GPM |
| | ) |
| WALTER BERRY, JR., | ) |
| | ) |
| Defendant. | ) |

# ORDER

**MURPHY, Chief District Judge:**

Walter Berry, Jr., has filed a notice of appeal (Doc. 108) seeking to appeal this Court's orders dated April 19, 2006 (Doc. 104) and May 26, 2006 (Doc. 106). Those orders denied motions pursuant to Federal Rules of Civil Procedure 59 and 60 that were filed by Berry in this criminal case. Berry has also filed an application to proceed *in forma pauperis* (Doc. 110) and an application for certificate of appealability (Doc. 107).

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A plaintiff is "acting in bad faith in the more common legal meaning of the term … [when he sues] … on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Further, "an appeal in a frivolous suit cannot be 'in good faith' under § 1915(a)(3), because 'good faith' must be viewed objectively." *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000). *See also Lee*, 209 F.3d at 1026; *Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995) ("[T]he granting of leave to appeal in forma pauperis from the dismissal of a *frivolous*

suit is presumptively erroneous and indeed self-contradictory.").

According to the documents submitted in support of the motion to proceed on appeal *in forma pauperis*, Plaintiff is indigent. As stated above, however, Berry filed motions pursuant to civil rules in this criminal case, in which the judgment has been final since 1998.[1] These filings are frivolous. Accordingly, the motion for leave to proceed *in forma pauperis* on appeal (Doc. 35) is **DENIED**.

Again, this is a criminal case that was over long ago, and a certificate of appealability is only needed when a petitioner seeks to appeal in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253. For these reasons, the application for certificate of appealability (Doc. 107) is likewise **DENIED**.

**IT IS SO ORDERED.**

DATED: 07/24/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge

---

[1] While Berry has filed two motions pursuant to 28 U.S.C. § 2255 (*see Berry v. United States*, Southern District of Illinois Cause No. 99-4090-WLB and Cause No. 04-4186-GPM), the orders appealed from were entered in this criminal case, where the motions were filed. Moreover, the first 2255 motion was dismissed on the merits on February 23, 2001 (*see* Doc. 31 in Cause No. 99-4090-WLB), and the Seventh Circuit affirmed the Order and Judgment on January 7, 2003. The second motion was dismissed on March 28, 2005 (*see* Doc. 3 in Cause No. 04-4186-GPM); that order was not appealed.